MARGARET FARLOW *v.* THE ANDREWS CORPORATION ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 14—decided November 10, 1966

*Morton C. Hansen, Jr.,* for the appellant (plaintiff).

*Snow G. Munford,* for the appellee (named defendant).

ALCORN, J. The plaintiff brought this action against The Andrews Corporation and The Ice Cream Shop, Inc., seeking to recover damages for personal injuries sustained in a fall on an icy sidewalk. She claimed that each defendant was in pos-

session and control of the sidewalk. Each defendant denied the claim. The case was tried to a jury, and, at the conclusion of the plaintiff's case, both defendants rested without offering evidence and moved for a directed verdict. The court directed a verdict in favor of The Ice Cream Shop, Inc., and reserved decision on the motion made by The Andrews Corporation. No appeal was taken from the direction of the verdict in favor of The Ice Cream Shop, Inc. The jury returned a verdict for the plaintiff against The Andrews Corporation, hereinafter called the defendant. The defendant filed motions to set the verdict aside and for judgment notwithstanding the verdict. The latter motion properly included a request that both the verdict and the judgment rendered thereon be set aside. Practice Book § 255; *Haag* v. *Beard Sand & Gravel Co.,* 151 Conn. 125, 126, 193 A.2d 711. The court set the verdict aside because it concluded that it had committed prejudicial error in charging the jury on the issue of control of the area where the fall occurred, and it granted the motion for judgment notwithstanding the verdict. The plaintiff has appealed, assigning error in the court's action in setting aside the verdict, in rendering judgment notwithstanding the verdict, and in numerous rulings on evidence.

The charge is to be tested by the claims of proof in the finding. Practice Book §§ 609, 635; *State* v. *Mallette,* 153 Conn. 584, 587, 219 A.2d 447; Maltbie, Conn. App. Proc. § 145. There was no request to charge on the issue of control, and no exception was taken to the charge as given. The defendant's motion to set aside the verdict alleged that the verdict was "contrary to law" and "against the evidence." It was, nevertheless, within the power of the court to set the verdict aside if it correctly concluded that it

had, in its charge, committed error which was harmful to the proper disposition of the case and probably brought about a different result in the verdict. *Libero* v. *Lumbermens Mutual Casualty Co.,* 143 Conn. 269, 273, 121 A.2d 622; *Phenning* v. *Silansky,* 144 Conn. 223, 224, 129 A.2d 224; *Fleischer* v. *Kregelstein,* 150 Conn. 158, 161, 187 A.2d 241. We review the court's action in setting aside the verdict in order to determine whether it involved an abuse of discretion. *Slabinski* v. *Dix,* 138 Conn. 625, 628, 88 A.2d 115; *Joanis* v. *Engstrom,* 135 Conn. 248, 251, 63 A.2d 151. We do not examine the verdict itself. We first consider whether the verdict was properly set aside, and it is only if the answer to that question is in the affirmative that we come to the question whether the court properly rendered judgment notwithstanding the verdict. *Hemmings* v. *Weinstein,* 151 Conn. 502, 503, 199 A.2d 687.

With a single correction which we make in the finding, the plaintiff's claims of proof are as follows: About 8:20 a.m. on February 13, 1963, the plaintiff visited her doctor at his office in a building known as the Andrews Building. The defendant had acquired title to the building some thirty-three years before, by deed dated October 28, 1930. The building has four floors devoted to business establishments and professional offices. A year after the claimed fall, the defendant leased various business offices in the building and had its office and principal place of business there. The main entrance to the building was used in common by all the tenants. A concrete sidewalk extended along the entire length of the building and spanned an area twenty feet wide between the street line and the front of the building. This sidewalk was owned by the defendant. On the morning in question, the sidewalk directly

in front of the entrance to the building had patches of ice on it. As the plaintiff stepped from the entrance to the building after the appointment with her doctor, she slipped and fell on unsanded ice on the sidewalk.

The plaintiff conceded during the hearing on the motion to set aside the verdict that she had offered no direct evidence that the area where she fell was in the control of the defendant.

The court charged the jury, in substance, that, on the basis of the 1930 deed, which had been admitted in evidence, the defendant had been proved to be the owner of the property, that ownership implies the right of possession and control, and that "when ownership has once attached, it is presumed to have continued until it has been shown to have ceased." In succeeding passages of the charge, the court repeatedly referred to ownership in conjunction with control. In discussing the duty which the defendant owed the plaintiff, the court said: "Now, what was the measure of that duty, assuming you find that there was a defect there first, and assuming you found ownership. The measure of that duty was to keep or take reasonable care to keep the walk where the plaintiff fell reasonably safe." The court then went on to say: "The first question for you to decide, assuming you have already decided the question of ownership and the question of notice as to ice, which I'll tell you about in a minute, is whether the walk where the plaintiff fell was reasonably safe for public travel." Finally, the court told the jury: "[B]efore you can come to any question of negligence, you have to determine whether or not this defendant corporation was the owner of this building, based upon the evidence before you."

Liability for an injury due to defective premises does not depend on title, but on possession and control. *Corvo* v. *Waterbury,* 141 Conn. 719, 725, 109 A.2d 869; *Ziulkowski* v. *Kolodziej,* 119 Conn. 230, 232, 175 A. 780. An examination of the charge leads inescapably to the conclusion that the court was correct in saying in its decision on the motion to set aside the verdict: "There is no question but that the jury in reaching its verdict for the plaintiff did assume that control of the building and sidewalk in question was in this defendant. This finding was based upon the erroneous instructions given to the jury on the issues of ownership and control." Since possession and control of the area by the defendant was an essential element in the plaintiff's proof in order to establish liability, the erroneous instructions were clearly harmful. The court was correct in setting aside the verdict.

We turn then to the question as to the correctness of the court's action in also granting the motion for judgment notwithstanding the verdict. When a verdict is set aside, the court's discretion should be exercised in favor of an order for a new trial rather than for judgment notwithstanding the verdict, "if circumstances for which a party is not at fault have resulted in his failure to present the evidence which is lacking in his case and it appears that the necessary evidence will in reasonable probability be available on a retrial." *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 421, 101 A.2d 491. A circumstance which would justify the ordering of a new trial rather than the rendition of judgment notwithstanding the verdict would be a harmful and erroneous exclusionary ruling on evidence. *Donch* v. *Kardos,* 149 Conn. 196, 202, 177 A.2d 801. This brings us to the assign-

ments of error concerning the rulings on evidence. If any of those rulings are shown to have prevented the plaintiff from introducing evidence which would have saved her case, an order for a new trial rather than for judgment notwithstanding the verdict would be required.

One of the plaintiff's assignments of error attacks the court's action "[i]n granting the defendant's motion to set aside the verdict and entering judgment notwithstanding the verdict on the ground that the verdict was not supported by the evidence." From what has already been said, it is clear that the court did not set the verdict aside on this ground but rather because of an error in the charge. Entwined in the consideration of the rulings on evidence, however, is the question whether, on the evidence presented, the plaintiff's proof was in fact lacking in an essential particular. Unless it was, judgment notwithstanding the verdict should not have been rendered. This question is resolved by an examination of the evidence printed in the appendices to the briefs. Practice Book §§ 716, 718; *Smith* v. *Housing Authority*, 144 Conn. 13, 14, 127 A.2d 45. The crucial issue is whether the plaintiff offered evidence from which a jury could reasonably find that the defendant was in possession and control of the area when and where the fall occurred. An examination of the evidence printed in the appendices shows that she did not. The question then is whether this lack is due to any of the evidential rulings concerning which error is assigned.

Most of the rulings fail to raise any issue because the record shows that no exceptions were taken to them. Practice Book § 226. One ruling, properly before us, excluded testimony by a witness as to the ownership of the property in question when the fall

occurred after the witness had testified that he had made no search to determine whether there had been any conveyance affecting the property subsequent to the defendant's acquisition of title in 1930. There was no error in the ruling.

In an effort to prove the agency relationship of the janitor of the building, the plaintiff asked a tenant: "Do his paychecks ever come into your possession?" The defendant objected to this question, the court sustained the objection, and the plaintiff excepted. Neither party complied with § 226 of the Practice Book, so as to furnish the court with any clear statement of claim with respect to the admissibility or inadmissibility of the question. This ruling cannot be held to constitute reversible error. *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153. The same witness was asked: "What do you know about this employment of this janitor in this particular building?" The question was objected to for its vagueness, and the plaintiff gave no reason for its admissibility. The question gave no hint that the testimony sought to be elicited would have any relevancy to the case. There was no error in excluding the question. See *Dawson* v. *Orange,* 78 Conn. 96, 113, 61 A. 101.

One exclusionary ruling on evidence was clearly erroneous. A tenant who had testified that he was familiar with the identity of other tenants because, as a real estate man, he had arranged leases for them, either oral or written, was asked: "Have you been familiar with these tenants and the arrangements for leasing their premises in the last two years?" The defendant objected on the erroneous ground that the witness had not been shown to be the agent of the defendant and consequently his statements would not be binding on the defendant.

*Gesmundo* v. *Bush,* 133 Conn. 607, 612, 53 A.2d 392. The court sustained the objection, and the plaintiff duly excepted. The question called only for a Yes or No answer, on which agency had no bearing. Both the objection and the ruling were premature. The plaintiff now claims for the first time that the question was preliminary to the discovery, among other things, of information relating to the question of control of the area where the fall occurred. The plaintiff has not explained how the exclusion of the question prevented her from pursuing that issue.

Since it does not appear that any of the exclusionary rulings complained of prevented the plaintiff from offering competent evidence on the crucial issue of possession and control, she has failed to show that the court erred in rendering judgment notwithstanding the verdict after it had correctly set aside the verdict.

There is no error.

In this opinion the other judges concurred.