[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON SUMMARY JUDGMENT
 FACTS
By complaint filed on April 26, 1991, the plaintiffs, Jean Wilson and Roger L. Wilson, brought an action against the defendant, Mina Dembroff, for injuries sustained by Jean Wilson from a fall on April 30, 1989. The fall occurred on the defendant's premises located at 171 Boston Post Road, Waterford, Connecticut. The plaintiffs allege that Jean Wilson fell while "descending the basement stairway on the Defendant's premises" and that the "[d]efendant maintained the basement stairway in a defective and dangerous condition. . . ." CT Page 5515
The plaintiffs allege in count one of their complaint that the defendant's negligence caused Jean Wilson to suffer personal injuries and a diminished earning capacity. The plaintiffs allege in count two of their complaint that the defendant's negligence caused Roger L. Wilson the loss of consortium and affection of his wife, Jean Wilson. The plaintiffs seek monetary damages and all other equitable relief.
On November 22, 1991, the defendant filed an answer and a special defense alleging comparative negligence. On October 20, 1992, the plaintiffs filed a reply to the defendant's special defense, denying all allegations contained therein.
On February 15, 1994, the defendant filed a motion for summary judgment against the plaintiffs' complaint on the ground that the complaint is legally insufficient because the defendant had neither control over nor notice of the said defects. The defendant submitted a supporting memorandum of law and deposition testimony of the plaintiffs.
On March 11, 1994, the plaintiffs filed an amended complaint. The defendant's motion for summary judgment is considered as against the plaintiffs' amended complaint.
On March 11, 1994, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment. The plaintiffs contend that because the defendant was responsible for maintaining the premises in a reasonably safe condition, the defendant is liable for the plaintiffs' injuries. The plaintiffs submitted supporting affidavits.
On March 23, 1994, the defendant filed a reply to the plaintiffs' memorandum of law in opposition to the defendant's motion for summary judgment. The defendant argues that because the plaintiffs have made no showing that the defendant effectively retained control over the leased area on which Jean Wilson fell, the defendant's motion for summary judgment should be granted.
DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show CT Page 5516 that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnson v. Meehan, 225 Conn. 528, 534-35,626 A.2d 244 (1993).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). A motion for summary judgment can be used to test the legal sufficiency of a complaint. See Siecienski v.Wilson, Superior Court, judicial district of New Haven, Docket No. 328874 (January 20, 1993); Sipperly v. Burger KingCorporation, Superior Court, judicial district of New London at Norwich, Docket No. 094746 (March 17, 1992).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Id. "The courts hold the movant to a strict standard." D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connell v.Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) Wadia Enterprises, Inc. v.Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992).
The defendant argues that the plaintiffs' action is legally insufficient because a landlord is not liable to a CT Page 5517 tenant for personal injuries arising from the defective condition of a premises if the landlord has not made a warranty or contract in connection therewith. Citing deposition testimony from Jean Wilson, the defendant argues that because the plaintiffs concede that the "defendant landlord was not in control of the demised staircase, nor provided any notice of the staircases' defective condition . . ., the plaintiffs have no cause of action against the defendant landlord." Citing deposition testimony from Roger L. Wilson, the defendant argues that because "the defendant had no notice of the alleged unsafe condition of the staircase[, the defendant] cannot be held liable for injuries allegedly caused by such condition."
The plaintiffs argue that the defendant is liable for injuries arising from the defendant's defective and dangerous premises. In support of their contention, the plaintiffs submit personal affidavits stating that "it was the landlord's responsibility to maintain the building in a reasonably safe condition so as to prevent a fall on the stairwell which occurred in this instance. . . ."
"`Liability for injuries caused by defective premises is not based upon title, but on possession and control.'" Garnettv. McDonald's Corporation, 8 CSCR 1159, 1159-60 (October 14, 1993, Zoarski, J.), quoting Farlow v. Andrews Corporation,154 Conn. 220, 225, 224 A.2d 546 (1966). "Whether a landlord . . . has reserved control of a stairway ordinarily can best be determined by the intent of the parties as expressed in the terms of the lease." Martel v. Malone, 138 Conn. 385, 388-89,85 A.2d 246 (1951).
 Unless it is definitively expressed in the lease, the circumstances of the particular case determine whether the lessor had reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue.
(Citation omitted.) Panaroni v. Johnson, 158 Conn. 92, 98,256 A.2d 246 (1969); see Griggs v. Perlroth, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 398563 (October 15, 1993); Garnett v. McDonald'sCT Page 5518Corporation, supra, (possession and control are questions of fact).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984), citing Spencer v. Good Earth RestaurantCorporation, 164 Conn. 194, 199, 319 A.2d 403 (1972). Moreover, "[a] notice question ordinarily raises a question of fact inappropriate for resolution by summary judgment." (Citation omitted.) Casanova Club v. Bisharat, 189 Conn. 591,596, 458 A.2d 1 (1983). Finally, there is a "continued adhere[nce] to the general principle that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Citations omitted.) Connell v. Colwell, supra, 251.
Neither party to the present action has submitted evidence demonstrating the existence of a lease containing definitive expressions as to whether the lessor had reserved control of the premises. It is, therefore, a question of fact regarding the intent of the parties in connection with the control of the defective premises. See Panaroni v. Johnson, supra, 98.
Viewing the evidence in the light most favorable to the nonmoving party, the defendant has failed to demonstrate the nonexistence of any material fact. The defendant's motion for summary judgment is hereby denied.
Hurley, J.