[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MACDONALD'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought suit as a result of her slipping and falling on a pathway which was covered with ice and snow. Previous to doing so the plaintiff had parked her car in a parking lot owned by the defendant, J. Neale MacDonald. The defendant J. Neale MacDonald III, on the date of the accident, was co-conservator of the defendant J. Neale MacDonald and by affidavit states he is familiar with the latter's personal and business affairs.
The plaintiff, after parking her car, entered onto the pathway to go to her job which was located in a building on property which in paragraph 3 she indicates was owned by the defendant M. Joseph Canavan.
The defendant conservator has filed a motion for summary judgment. The rules to be applied in addressing such motions are clear. A party seeking summary judgment has the burden of showing the nonexistence of any material fact. D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434 (1980). If there is a genuine issue of material fact the court cannot resolve it since that would deprive the non-moving party of his or her right to a jury trial. Furthermore the trial court must view the evidence presented in the light most favorable to the non-moving party. Fogarty v.Rashaw, 193 Conn. 442, 445 (1984).
Affidavits submitted by the non-moving party cannot be conclusory or speculative, however. The affiant must affirmatively show that he or she has personal knowledge of the matter stated in the affidavit. Evans Products Co. v. ClintonBldg. Supply Co., 174 Conn. 512, 515 (1978). It has been said that the test for granting a motion for summary judgment is whether a trial court would grant a directed verdict on the same evidence. United Oil Co. Inc. v. Urban Redevelopment Commission,158 Conn. 364, 380 (1969).
I have read the affidavits submitted by both parties. In this case the plaintiff was injured while walking along a pathway covered with ice and otherwise unsafe. In her affidavit she claims that an oral lease existed between her employer and the defendant that permitted employees to use the defendant's parking lot. This fact does not appear to be disputed. It is also clear, CT Page 5114-ZZ in any event no counter-affidavits have been filed by the plaintiff, that the plaintiff fell at a location outside the parking lot owned by the defendant.
The defendant in his affidavit also states that he or his agents did not exercise any control over the location where the plaintiff fell. The plaintiff's contention is that she fell in a pathway from the defendant's parking lot to her employer's building and that pathway had been so used by fellow employees "for at lease one month" prior to her injury. The basis of the plaintiff's negligence claim is that the defendant did not provide her with a safe path out of the parking lot which "forced" her "to fall on ice and snow" — she saw that the path was covered with ice, she deviated from the path and fell on ice and snow next to the path. Further, she alleges the defendant never warned her of the dangerous condition and failed to instruct her of a safe means of egress given the icy condition of the pathway.
The law is clear that liability for injuries based on defective premises or hazardous conditions such as ice and snow are not based on ownership but rather on possession and control, see Farlow v. Andrews, 154 Conn. 220, 225 (1966); Connecticut Lawof Torts, Wright, Fitzgerald Ankerman, § 46 at p. 108 (1991). Prevention of harm is the goal and as Wright says, "the person in possession is in a position of control and best able to prevent harm."
Here there is no allegation that the defendant owned the pathway area where the plaintiff fell or controlled it. Although the plaintiff states in her affidavit that her employer leased the defendant's parking lot for use by his employees, there is no allegation that as part of that lease arrangement the defendant agreed to ensure that the defendant would assume any responsibility for the means by which these employees exited the lot or the safety of any particular means of egress. There is not even an allegation here that the defendant knew or should have known the plaintiff and co-workers were using this path, or more exactly, were using this pathway when there were ice and snow conditions. Under these circumstances how can an injured party in effect impose a standard of care, or more a duty to exercise care, on a property owner who did not own or control the area where she was injured?
One could imagine a situation where a parking lot was so CT Page 5114-AAA located that there was only one means of departure and entry to the lot and the lot owner knew or should have known that to be so and that failure to remove ice or snow from that sole means of egress would impose a danger to pedestrians. If that were the case, perhaps a theory of liability could be advanced even if the pathway was not owned by the owner of the parking lot, c.f. Desyet al v. Montano et al, 13 Conn.L.Rptr. 483 (1995). But the plaintiff's affidavit does not permit this reasoning to be adopted by the court.
The defendant's motion is granted.
Corradino, J.