[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
As a general rule, "[l]iability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v. Andrews Corporation, 154 Conn. 220, 225,224 A.2d 546 (1966). Facts may exist, however, that warrant an exception to the general rule. See 1 Restatement (Second), Property, § 5.5; 2 Restatement (Second), Property § 16.3, comment (b), illus. 2; id., § 17.3, comment (m); id., § 17.1, comment 1; 2 Restatement (Second), Torts, §§ 351-354.
In his complaint, the plaintiff has not alleged that the defendant People's Bank exercised possession and control over the premises when the plaintiff's injury occurred. Moreover, the plaintiff failed to allege facts that meet the elements necessary to state a cause of action against a transferor of defective property after the transferor relinquished possession and control to the transferee. Therefore, because the plaintiff has failed to allege a cause of action upon which relief may be granted, the plaintiff's motion to strike the first count is granted.
In reaching this decision, the court did not consider any facts outside the complaint, which both the plaintiff and the defendant improperly referred to while either responding to and/or arguing this motion. The court further rejects the plaintiff's argument that the motion should be denied because it was untimely filed. The plaintiff should have filed a motion or default for failure to plead.
SO ORDERED:
SKOLNICK, J. CT Page 1358