[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a personal injury action in which the plaintiff, Diana Jasiorkowski ("Jasiorkowski") has sued defendants, Amoco Oil Company, Robert Litsky ("Litsky"), and Stephen Duhamel ("Duhamel") for injuries she allegedly sustained by being struck by the door to a car wash located on premises known as 720 Foxon Road, East Haven, Connecticut. The complaint alleges that Litsky and Duhamel owned the premises on which Amoco Oil Company operated a gas station/car wash.
Litsky and Duhamel have moved for summary judgment. Duhamel claims that he had no ownership interest in the subject premises having conveyed his interest in the premises to Litsky prior to the date of Jasiorkowski's accident. Litsky, while acknowledging ownership, claims that he had no possession or control of the premises because he had leased them through a corporation to Amoco Oil Company.
Jasiorkowski has not filed a counter affidavit refuting the assertions of Duhamel or Litsky.
The law is clear that summary judgment should be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue. Haesche v. Kissner, 229 Conn. 213,217 (1994). When a party moves for summary judgment and there are no contradictory affidavits, the court properly decides the motion by looking only to the sufficiency of the movant's affidavits and other proof. Heyman Associates No. 1 v. InsuranceCo. of Pennsylvania, 231 Conn. 756, 795 (1995).
In this case, Duhamel and Litsky are being sued due to the allegedly defective car wash door. The liability for an injury due to defective premises does not depend on title but on possession and control. Farlow v. Andrews Corporation,154 Conn. 220, 225 (1966). Based upon the affidavits submitted, neither Duhamel nor Litsky had possession or control of the subject premises at the time of Jasiorkowski's alleged injury. Accordingly, summary judgment as to them should be granted.
For the reasons set forth above, the motion for summary CT Page 3269 judgment filed by defendants Robert Litsky and Samuel Duhamel is granted as to both of them.
So Ordered at New Haven, Connecticut this 9th day of March, 1999.
Devlin, J.