[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGEMENT
The tenant had control over the "loading area" at the subject premises according to the lease. The defendant, the landlord, admits that the lease fails to define "loading area" and fails to state expressly whether the subject stairs are part of Big Y's loading area. "Liability for injuries caused by defective premises is not based on title, but rather upon possession and control." Farlow v. Andrews Corp., 154 Conn. 220, 225,224 A.2d 546 (1966); Guerra v. Antonacci, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 145382 (Jan. 26, 1999, Pellegrino, J.). "Control becomes an issue of fact for the trier . . . where the written lease read as a whole cannot be said to resolve clearly or expressly the issue of control. Adams v.The Recorded Picture Co., Superior Court, judicial district of CT Page 14795 New London at New London, Docket No. 517924 (Nov. 10, 1993,Teller, J.); see also Panaroni v. Johnson, 158 Conn. 92, 99,256 A.2d 246 (1969); Rogers v. Great Atlantic Pacific Tea Co.,148 Conn. 104, 107, [167] A.2d [712] (1961)." Guerra v. Antonacci,
supra Superior Court, Docket No. 145382. Because a question of material fact remains, the landlord's motion for summary judgment is denied.
By the Court
Gill, J.