[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 106
CT Page 9027
This case arises from the plaintiff, David Wityak's alleged fall on property owned by the defendants, Peter Voulgaris and Dean Voulgaris. In the two count revised complaint, the plaintiff alleges that the defendants were negligent in count one and that they had created a public nuisance in count two. The second count was stricken by order filed October 21, 1999. The defendants currently move for summary judgment on the first count. The plaintiff has failed to respond to the motion for summary judgment.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). Summary judgment "shall be rendered . . . if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v.Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Witt v. St. Vincent's Medical Center, 252 Conn. 363, 372 fn. 7,746 A.2d 753 (2000). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp. 233 Conn. 732, 751-52,660 A.2d 810 (1995).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment [however] because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The plaintiff claims in his complaint that he fell going into the establishment known as the Washing Machine, and that the defendants were negligent as owners of the premises. The defendants claim that they had no duty of care to the plaintiff at the time of the accident because they had no control over the premises that were leased to the Washing Machine Company of Naugutuck. Therefore, the issue before the court currently is whether the defendants owed the plaintiff a duty of care, which is an CT Page 9028 issue that is an appropriate matter for summary judgment.
"Liability for an injury due to defective premises does not depend on title, but on possession and control. . . . Farlow v. AndrewsCorporation, 154 Conn. 220, 225, 224 A.2d 546 (1966). Even if the defendant were said to own the [area], mere ownership doesn't form the basis of liability — possession and control is necessary. Benson v.Nickal Realty Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 375535 (March 22, 1996, Corradino, J.) . The law is clear that liability for injuries based on defective premises . . . [is] not based on ownership but rather on possession and control. Amodio v.Canavan, Superior Court, judicial district of New Haven at New Haven, Docket No. 372175 (July 29, 1996, Corradino, J.). It is the possession of land that imposes liability for injuries rather than the ownership of the land . . . because the person in possession is in a position of control and is best able to prevent the harm. . . . Link v. Woodbridge ElderlyHousing Limited Partnership, Superior Court, judicial district of New Haven at New Haven, Docket No. 364666 (May 15, 1996, Corradino, J)." (Internal quotation marks omitted.) Mercede v. CFF Center Association, Inc., Superior Court, judicial district of Danbury, Docket No. 318679 (May 16, 1997, Stodolink, J.).
In affidavits attached to their Memorandum of Law in Support of the Defendants' Motion for Summary Judgment, the defendants admit that they own the property where the plaintiff allegedly fell. See Defendants' Exhibit A and Exhibit B. The defendants claim that at the time the plaintiff fell, however, the location was leased to the Washing Machine of Naugatuck, and the defendants did not have responsibility for the interior of the premises leased. Id. The defendants also attached to the Memorandum of Law in Support of the Defendants' Motion for Summary Judgment a copy of the lease between the defendants and the Washing Machine of Naugatuck in which the Washing Machine of Naugatuck agrees to keep the premises clean and free of trash. See Defendants' Exhibit C, paragraph 11. Lastly, the defendant attached a copy of the deposition of the plaintiff in which the plaintiff stated that he "turned to step in the door, and as [his] foot was coming down, [he] looked at the floor to see where [he] was going, and [he] noticed a huge puddle of strawberry ice cream. And it was too late to stop [his] foot. And [he] slid in the ice cream. And [his] foot slid in the ice cream and went out from under [him] . And [he] did a split and fell backwards. And when [he] fell backwards, [he] hit the door. And [his] back his the bump that is inside of every door." See Defendants' Exhibit D.
The plaintiff has not filed any response to the motion for summary judgment. "[T]he party opposing [a summary judgment] motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue CT Page 9029 of material fact." Witt v. St. Vincent's Medical Center, supra,252 Conn. 368. The plaintiff has failed to provide any evidentiary foundation to demonstrate the existence of a genuine issue of material fact.
The evidence presented by the defendants viewed in the light most favorable to the nonmoving party shows that the plaintiff slipped on a substance just inside the premises leased by the Washing Machine of Naugatuck. Additionally, the evidence shows that the defendants did not have any control or possession of the premises, thus the defendants did not owe any duty of care to the plaintiff.
Therefore, the defendants' motion for summary judgment is granted as there is no genuine issue of material fact, and the defendants owe no duty of care to the plaintiff, thus entitling the defendants to judgment as a matter of law.
SO ORDERED.
 ______________________, J. PETER EMMETT WIESE