[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendant McDonalds Corporation's motion for summary judgment.
In her one count amended complaint, the plaintiff, Jean Morse, alleges that this negligence action arises out of injuries she sustained when she tripped and fell on a protruding pipe as she was walking from a McDonald's parking lot into the restaurant. On March 26, 2001, the defendant filed a motion for summary judgment on the ground that it does not have control over the area where the injury is alleged to have occurred. Both parties have filed timely memorandum of law in support or opposition of the motion.
"Practice Book § 17-49 provides that summary judgment shall be CT Page 15105 rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ."Community Action for Greater Middlesex County, Inc. v. American AllianceIns. Co., 254 Conn. 387, 397, 757 A.2d 1074 (2000). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984).
"`Liability for injuries caused by defective premises is not based upon title, but on possession and control.' Farlow v. Andrews Corp.,154 Conn. 220, 225, 224 A.2d 546 (1966). "Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease.' Martel v. Malone, 138 Conn. 385, 388, 85 A.2d 246
(1951). . . . `Unless it is definitively expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of interpretation in the light of all the significant and attendant facts which bear on the issue. . . .' Panaroni v. Johnson, 158 Conn. 92, 98,256 A.2d 246 (1969)." Garnet v. McDonald's Corp., Judicial District of New Haven at New Haven, Docket No. 330016 (October 15, 1993, Zoarski, J.) (8 C.S.C.R. 1159, 1159-60).
The defendant argues it should be granted summary judgment because it does not have control over the area where the plaintiff is alleged to have fallen and injured herself. Therefore, it contends, no genuine issues of material fact exist as to its responsibility to maintain and repair the pipe which allegedly caused the plaintiff's injuries. In support of its motion, the defendant attached an affidavit, signed by an attorney for McDonald's Corporation, in which the affiant states that the defendant "does not own the business," "does not operate the business," and does not perform maintenance activities or have any right to control the sidewalk where the plaintiff alleges she sustained her injuries. (Defendant's Memorandum, Exhibit A, ¶ 3, 4, 10.) According to the affiant, at the time of the alleged incident the business was owned and operated by LKA Corporation pursuant to a franchise agreement dated February 18, 1994. (Defendant's Memorandum, Exhibit A, ¶ 11.)
In response, the plaintiff argues that summary judgment should be denied because genuine issues of material fact remain to be decided with CT Page 15106 respect to who retained control over the premises at the time of the incident. The plaintiff also argues that summary judgment cannot be granted on the basis of the affidavit because the affidavit focuses on matters which are not relevant to this action. The plaintiff goes on to argue that the defendant did not produce a copy of a franchise agreement entered into between George Mitchell, the original franchisee of the premises, and LKA Corporation, the assignee, which leaves the court without a document from which issues involving the defendant's control over the premises can be determined. The plaintiff argues that even if the court had a copy of the LKA agreement, the interpretation of the agreement is an issue of fact for the jury. A copy of the assignment agreement between George Mitchell, and LKA Corporation was subsequently submitted to the court. This agreement, which is signed by the defendant as well as LKA Corporation as assignee, does not in any way modify the franchisee's obligations under the original franchise. It clearly transfers "the rights in the franchise, including the Licence and Lease ("Franchise") to the Assignee" and states that "Assignor agrees to remain personally liable for the full and faithful performance of the agreements and covenants of the Franchise." (Plaintiff's Objection, Exhibit F.)
The plaintiff alleges that she sustained her injuries when she tripped and fell on a protruding pipe that was located between the McDonald's parking lot and the restaurant. The plaintiff states that the pipe was intended to anchor a refuse container and that the container had been removed, leaving the exposed pipe. Neither party submitted evidence regarding when the building was constructed, how long the pipe had been protruding prior to the incident in question, and whether the protrusion originated from the area's original design and construction.
It is clear from the franchise agreement entered into between the defendant and the franchisee that the franchisee has the responsibility for day-to-day maintenance of the premises. (Plaintiff's Objection, Exhibit F, ¶ 12(a) and (e).) It is also clear from the agreement that the defendant retains strict control over the policies and procedures of the franchise. For example, the defendant has proprietary rights in the design of the restaurant buildings. (Plaintiff's Objection, Exhibit F, ¶ 1(a).) The franchisee is required to adhere to McDonald's standards as to the layout and design of the building. (Plaintiff's Objection, Exhibit F, ¶ 1(c).) The franchisee is required to "[k]eep the restaurant constructed and equipped in accordance with the building blueprints and equipment layout plans that are standard in the McDonald's system or as such blueprints and plans may be reasonably changed from time to time by McDonald's." (Plaintiff's Objection, Exhibit F, ¶ 12(c).) The franchisee agrees to follow the "McDonald's System" in operating the restaurant. (Plaintiff's Objection, Exhibit F, ¶ 1, 12.) The defendant also reserves the right to inspect the restaurant to insure CT Page 15107 that it is in compliance with the standards and policies of the "McDonald's System." (Plaintiff's Objection, Exhibit F, ¶ 12.) The franchisee agrees that he will "not make any building design conversion or . . . make any alterations, conversions, or additions to the building, equipment or parking area." (Plaintiff's Objection, Exhibit F, ¶ 12(d).)
The agreement is silent, however, as to who has control over defects which may have originated during McDonald's construction of the premises and with respect to who is responsible for the repair of those defects. In addition, it is not clear from the agreement or from the other evidence whether the protruding pipe forms part of the "building design" which the franchisee is prohibited from altering, per the franchise agreement.
In conclusion, genuine issues of fact remain to be decided with regard to who was responsible for the protruding pipe and who had definitive control of the premises at the time of the accident. Therefore, defendant's motion for summary judgment is denied.
Skolnick, J.