[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #104 MOTION FOR SUMMARY JUDGMENT
The plaintiffs allege in their complaint that at all times pertinent to this action, the defendant, Progran Limited Partnership, ("Progran") was and is a corporation organized and existing under and pursuant to the laws of the state of Connecticut, with an office and principal place of business located in the Town of Cheshire, Connecticut. The plaintiffs further allege that this defendant along with the other defendants named in this action "owned possessed, controlled and/or maintained a certain recreational facility known as Holiday Hill, located in the Town of Cheshire."
On June 8, 1999, the plaintiff, Justin Smith was using the diving board at the aforementioned recreational facility. He, alleges that said diving board was in a "dangerous and defective condition in that it was slippery, wet and in a condition unsafe for the patrons of the facility". On said date plaintiff slipped off said diving board and sustained injuries.
On October 25, 2001, the defendant Progran filed a Motion for Summary Judgment as to the cause of action against Progran. CT Page 6085
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The defendant Progran asserts that it cannot be held liable for the plaintiff's damages as a matter or law for reason that it did not have control or a right to control the premises where the injury is alleged to have occurred.
The defendant submitted an Affidavit in Support of Motion for Summary Judgment. Said Affidavit provides in pertinent part that:
 7. At no time relevant to the complaint did defendant, Progran Limited Partnership, own, operate, possess or manage the picnic and outing business known as Holiday Hill. CT Page 6086
 8 . At no time relevant to the complaint did defendant, Progran Limited Partnership, control operate, manage, supervise or direct the day to day activities of defendant, J. Cunningham, Inc.
 9. At the time of the incident alleged in the plaintiff's complaint, defendant, Progran Limited Partnership, was the owner of the real estate where the plaintiff claims he fell.
 10. Progran Limited Partnership did not purchase, sell or install the diving board at Holiday Hill where the plaintiff alleges he slipped, fell and sustained injuries.
 11. At all times relevant, the defendant, Progran Limited Partnership, did not control possess, maintain or repair the swimming pool area, including the diving board at the premises.
 12. At relevant times including June 8, 1999, possession and control of the premises where plaintiff claims he fell was by J. Cunningham, Inc., not Progran Limited Partnership.
 13. At no time relevant was Progran Limited Partnership responsible for upkeep, inspection, maintenance or repair of the premises.
In addition to the affidavit in support of the Motion for Summary Judgment, the defendant also submitted a copy of the lease that was in effect for the premises at the time the plaintiff incurred his injuries.
It is well-settled law in this state that in order for a person to be held liable for in injury due to a defective premises, said individual must have possession and control of said premises:
 Liability for a claimed injury due to a defective premises depends on possession and control and not on title. Farlow v. Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966).
 Fernandez v. Estate of Fred Ayers, 56 Conn. App. 332, 335 (2000).
The plaintiffs have not filed any motions in objection to the defendant's Motion for Summary Judgment, nor have they filed any counter CT Page 6087 affidavits or other evidence to contradict the facts as stated in the affidavit or other documentation that was filed in support of the motion for summary judgment. This Court therefore finds that there are no genuine issues of material fact as to the issue concerning the defendant Progran's lack of possession or control of the subject premises.
Whereas the defendant Progran did not have possession or control over the subject premises as the time that the plaintiff, Justin Smith sustained his injuries, it cannot as a matter of law be held liable for said injuries. The Motion for Summary Judgment as to the defendant, Progran Limited Partnership is granted.
Richard A. Robinson, J May 7, 2002