[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #117 MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges in her complaint that at all times pertinent to this action, the defendant, Saks and Company d/b/a Off 5th (hereinafter "Saks") was the lessee of certain commercial premises consisting of a retail department store open to the general public and located at Clinton Crossing, 20 Killingworth Turnpike, Clinton, CT' CT Page 5971
The plaintiff further alleges that the defendant Chelsea GCA Realty Partnership, LP, was the owner of the aforementioned premises and that said defendant "retained control of the interior and exterior spaces of said premises . . ."[1]
The plaintiffs Complaint also alleges that on September 5, 1998, the defendant Saks conducted a promotional event on the sidewalk area outside of it's retail store and that said promotional event was open to the public.
On the aforementioned date the plaintiff was a shopping at the aforementioned promotional sidewalk sale when she tripped, fell and was injured when a moveable clothes rack with wheels that had been placed at said sidewalk sale moved due to extreme customer activity.
On February 5, 2002, the defendant Chelsea filed a Motion for Summary Judgment as to the cause of action against Chelsea. The defendant asserts that it did not "[have] control the premises in question or over the people in question such as could for the basis of a legally cognizable agency relationship."
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case CT Page 5972 is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The defendant Saks asserts that it cannot be held liable for the plaintiffs damages as a matter or law for reason that it did not have control or a right to control the premises where the injury is alleged to have occurred.
The defendant submitted an Affidavit in Support of Motion for Summary Judgment. Said Affidavit provides in pertinent part that:
 7. Chelsea did not own, lease, rent, distribute, sell or provide the clothes racks used by Saks to display merchandise at the sidewalk sale which plaintiff alleges was taking place when her accident occurred.
 8. Chelsea did not manage, direct, supervise or otherwise control the manner in which Saks set-up and ran the sidewalk sale, including the method by which the items of merchandise offered by Saks for sale or the type of clothes racks utilized to display such merchandise. Saks used its own discretion with respect to where to place the clothing racks, with the understanding that all sidewalks and walkways were to remain clear to pedestrian traffic.
It is well-settled law in this state that in order for a person to be held liable for in injury due to a defective premises, said individual must have possession and control of said premises:
Liability for a claimed injury due to a defective premises depends on possession and control and not on title. Farlow v. Andrews Corp.,154 Conn. 220, 225, 224 A.2d 546 (1966).
Fernandez v. Estate of Fred Ayers, 56 Conn. App. 332, 335 (2000).
On March 28, 2001, the plaintiff filed an objection to Motion for Summary Judgment. The plaintiff also filed an Affidavit in Opposition to Motion for Summary Judgment. Said affidavit provides in pertinent part that:
 3. I fell as a result of the negligence of Chelsea GCA CT Page 5973 Realty Partnership, LP, in that as owners of the property they were responsible to supervise any dangerous conditions that existed on the property.
 4. The Defendant maintained personnel on the property who should have seen the dangerous conditions existing and taken steps to remove these conditions.
After completing its review of the motion, objection, complaint, affidavit and the counter affidavit, this Court has come to the conclusion that a genuine issue of material fact remains in existence as to the issue of possession and control over the subject premises.
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H HR. Co., 160 Conn. 482, 489, 280 A.2d 359 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
The plaintiffs affidavit provides that the defendant "maintained personnel on the property". The defendant's affidavit provides "Saks used its own discretion with respect to where to place the clothing racks,with the understanding that all sidewalks and walkways were to remainclear to pedestrian traffic. (emphasis added). This Court comes to the conclusion that it cannot determine as a matter of law that the defendant did not have control over the subject property for reason that there is a genuine issue of material fact in existence. This Court is at best unsure as to the meaning of the aforementioned phrase in the defendant's affidavit. It cannot ascertain at this point and time whether the "understanding" between the landlord and tenant indicates that there was a duty to exercised some type of control to assure that the walkways were clear to pedestrian traffic. This is especially so in light of the fact that the plaintiffs affidavit states that there were employees of the defendant on the premises at the time in question.
Whereas there are genuine issues of material fact as to the issue CT Page 5974 concerning whether or not the defendant Chelsea had possession or control of the subject premises, the instant Motion for Summary Judgment as to the defendant, Chelsea is denied.
Richard A. Robinson, J. May 8, 2002