[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
By motion for summary judgment (#129) dated May 17, 2000, apportionment defendant Dunkin Donuts, Inc. (Dunkin) seeks judgment against defendant and apportionment plaintiff Brooks Properties, Inc. (Brooks) on Brooks' apportionment complaint dated June 5, 1998. Oral argument was heard by the court on September 5 and October 16, 2000. For the reasons stated below, the court grants the motion.
 I. PROCEDURAL BACKGROUND
The plaintiff commenced this action by complaint dated January 10, 1998. Therein, the plaintiff alleges that on January 12, 1996, she slipped and fell on ice in the parking lot of certain premises known as New Britain Plaza and located at 118 East Main Street, New Britain, Connecticut. The plaintiff maintains that the property was owned by Brooks at all relevant times. Finally, she claims that her fall and resulting injuries were caused by Brooks' negligence. (See Complaint, January 10, 1998, ¶¶ 2-5.)
In the apportionment complaint, Brooks alleges that it "understands that the area about which plaintiff complains is the sidewalk in front of the Rite Aid Pharmacy and/or the Dunkin Donuts store of the plaza." (Apportionment Complaint, June 5, 1998, ¶ 2.) Brooks further alleges that Dunkin was responsible for the removal of snow or ice from the sidewalk. (See Apportionment Complaint, ¶ 4.) Brooks claims that if the plaintiff suffered any damages or losses as she alleges, they were caused by Dunkin's negligence or carelessness in the performance of its contractual obligations. (See Apportionment Complaint, ¶ 5.) Pursuant to Connecticut General Statute §§ 52-572h and 52-102b, Brooks seeks an allocation and apportionment of liability as to Dunkin. (See Apportionment Complaint, ¶ 6.)
In its motion, Dunkin seeks judgment claiming that there is no genuine issue of material fact regarding ownership and control of the area where the plaintiff was allegedly injured. Dunkin asserts that plaintiff has identified the location of the alleged fall as "taking place in the doorway of the Rite Aide Pharmacy." (Motion for Summary Judgment, May 18, 2000, p. 1.) In addition, Dunkin argues that the lease between Brooks and New Britain Donuts, Inc. (the tenant) provided that responsibility for maintenance of sidewalks, curbs and parking lots and any injuries CT Page 14963 resulting therefrom to third parties was Brooks' responsibility in the case of common areas or the tenant's responsibility in the case of sidewalks contiguous to the leased premises. (Motion for Summary Judgment, p. 1.)
In response to the motion, Brooks contends that there is a factual dispute as to whether Dunkin "had control over and was responsible for maintaining the sidewalk in the area where the plaintiff claims that she fell." (Defendant/Apportionment Plaintiff's Opposition Memorandum [Apportionment Plaintiff's Opposition], p. 1.)
 II. FACTS
In support of the motion, Dunkin annexed copies of the complaint, the apportionment complaint, an excerpt from the plaintiff's deposition and copies of the operative lease agreement between the tenant and Brooks, as well as the franchise agreement between Dunkin and the tenant. As noted above, the plaintiff alleges in the complaint that she fell in the parking lot of the New Britain Plaza. In the portion of her deposition submitted by Dunkin, the plaintiff states otherwise. In her deposition taken on April 14, 1999, the plaintiff was asked the following question concerning her fall and gave the following answer:
Q: "Where did it occur?"
A: "In front of Rite Aid."
(Deposition of Jean Stewart [Stewart's Deposition], April 14, 1999, apportionment defendant's Exhibit C, p. 19.)
Later in the questioning she was asked the following questions and gave the following answers:
 Q: "Did you fall on the sidewalk or the parking lot?"
A: "No, I fell on the sidewalk, in the doorway."
Q: "In the doorway?"
 A: "Right there, right in the front of the doorway."
 Q: "Just for clarification was that doorway to the Rite Aid store?" CT Page 14964
A: "Yes, it was."
(Stewart's Deposition, p. 31.)
Dunkin also provides citations to the lease and to the franchise agreement to support its contention that, as a franchisor, it was not in possession and control of the leased premises or the contiguous sidewalk.
In opposition, Brooks did not submit any counteraffidavits. Brooks argues that "[t]he Dunkin' Donuts establishment is located next to the Rite Aid store and both share the same sidewalk." (Apportionment Plaintiff's Opposition, p. 5.) Brooks submitted photographs as Exhibit A along with a supplemental opposition[1] and stated that "the plaintiff identified the location of her fall as being on the sidewalk in the area depicted in Exhibit A." (Apportionment Plaintiff's Supplemental Opposition, October 17, 2000, p. 5; Exhibit A.)
Brooks cites various portions of the lease between itself and the tenant for the proposition that Dunkin retained control over the premises. For example, clause 5.03 provides that the tenant "shall keep any sidewalks and service area contiguous to, or part of the premises, free of debris, snow and ice. . . ." Brooks notes that when the lease was assigned to the tenant, Dunkin approved the assignment. (Apportionment Plaintiff's Opposition, p. 5.)
Brooks also cites portions of the franchise agreement between the tenant and Dunkin for the same proposition, including those which reference Dunkins' obligation to maintain an advisory relationship with the tenant and its obligation to "[c]ontinue its efforts to maintain high uniform standards of quality, cleanliness, appearance, and service. . . ." (Apportionment Plaintiff's Opposition, p. 6; Franchise Agreement, ¶ 3C.) Other provisions were cited which provided that the tenant was also obligated to maintain the premises "in the highest degree of cleanliness, orderliness, sanitation and repair, as reasonably required by Dunkin . . . ." (Apportionment Plaintiff's Opposition, p. 6.) No alterations to the premises could be made without Dunkin's approval and Dunkin retained the right to enter the premises to ensure that its protocol and system were being followed. (See Apportionment Plaintiff's Opposition, p. 7; Franchise Agreement, ¶ 6A.)
III. STANDARD OF REVIEW
Practice Book § 17-49 provides that summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a CT Page 14965 motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Elliot v. City of Waterbury, 245 Conn. 385, 391,715 A.2d 27 (1998). "The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven, 213 Conn. 277, 279-280, 213 A.2d 277
(1989); Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Buckingham Corp.,205 Conn. 572, 574, 534 A.2d 1172 (1987); Mac's Car City, Inc. v.American National Bank, 205 Conn. 255, 261, 532 A.2d 1302 (1987).
While "the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). The opposing party must do more than merely assert the existence of a disputed issue of fact. See Water Way Properties v.Colt's Mfg. Co., Inc., 230 Conn. 660, 665, 646 A.2d 143 (1994). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment.]" (Internal quotation marks omitted.) Burns v. Hartford Hospital, 192 Conn. 451,472 A.2d 1257 (1984). Summary judgment procedure would be defeated as a whole if the mere assertion that a material factual dispute existed could force a case to trial. See Great Country Bank v. Pastore, 241 Conn. 423,436, 696 A.2d 1254 (1997).
When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Assoc. No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,795, 653 A.2d 122 (1995).
IV. DISCUSSION
While ordinarily issues of negligence are not susceptible of summary adjudication; Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1994); the issue of whether a defendant owes a duty of care is a question of law and, therefore, appropriate for summary judgment. See Pion v. SouthernNew England Telephone Co., 44 Conn. App. 657, 660, 691 A.2d 1107 (1997). Liability for injuries due to defective premises depends on possession and control, not on title. See Farlow v. Andrews Corp., 154 Conn. 220,225, 224 A.2d 546 (1966). While Brooks contends that an analysis of the CT Page 14966 written lease is necessary to determine who was in possession and control of the leased premises; see Apportionment Plaintiff's Opposition, p. 4; that is not the case where the facts clearly demonstrate that the claimant was not injured on the leased premises or on an area contiguous thereto. Under these circumstances, references to the subject lease between the tenant and Brooks and the franchise agreement between the tenant and Dunkin are inapposite.
The plaintiff's unrefuted deposition testimony reveals that she was injured on the sidewalk and in the doorway of a completely different store, Rite Aid, and not in the parking lot. (Stewart's Deposition, p. 31.) Therefore, interpretation of the lease for the Dunkin Donuts premises or the Dunkin Donuts franchise agreement is not required. In addition, although Brooks claims that Dunkin was responsible for snow and ice removal from the sidewalk where plaintiff fell, it has provided the court with no evidence in support of this allegation. There is nothing in the record before the court to indicate that either the tenant or Dunkin had any responsibility to remove snow and ice in front of the Rite Aid doorway or that there was only one doorway to both stores. The photographs illustrate that this was not the case. (See Apportionment Plaintiff's Supplemental Opposition, Exhibit A.) Clearly, the sidewalk in front of the Rite Aid doorway was not a contiguous area to Dunkin's leased premises which the tenant or Dunkin was required to keep clean of snow or ice.
At oral argument, Brooks contended that the plaintiff may change her testimony at trial as to the location of her fall. However, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Internal quotation marks omitted.) Norse Systems, Inc. v. Tingley Systems, Inc.,49 Conn. App. 582, 591, 715 A.2d 807 (1998). The existence of a genuine issue of material fact "must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377
(1994).
Deposition testimony is sufficient proof on which to premise a summary judgment motion "in the absence of contrary competent affidavits that establish a genuine issue as to a material fact." Collum v. Chapin,40 Conn. App. 449, 450 n. 2, 671 A.2d 1329 (1996); see also Tryon v. Town of North Branford, 58 Conn. App. 702,716-717, ___ A.2d ___ (2000). The plaintiff maintains that she fell on the sidewalk, in the doorway of Rite Aid and Brooks has failed to present evidence to refute this testimony. No evidence was presented to show that Dunkin was in possession and control of that location. Therefore, as a matter of law, Dunkin owed no duty under these CT Page 14967 circumstances. Accordingly, there is no genuine issue as to any material fact and Dunkin is entitled to judgment as a matter of law on the apportionment complaint.
 V. CONCLUSION
For the foregoing reasons, the motion for summary judgment is granted. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT