[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 16, 1997 CT Page 5024
The plaintiffs, Evelyn Mercede and her husband Philip Mercede, filed a four count complaint on October 27, 1994. In their complaint, the plaintiffs allege that on or about March 1, 1994, Evelyn Mercede fell down a flight of stairs at 898 Ethan Allen Highway in Ridgefield, Connecticut, causing her severe and debilitating injuries.
Named as defendants are CFF Center Association, Inc. (hereafter CFF Center), the condominium association which operates the premises at 898 Ethan Allen Highway, and Fresh Corporation, a unit owner at 898 Ethan Allen Highway. A third defendant, David Coffin, who was an architect of the building at 898 Ethan Allen Highway, was impleaded by CFF Center on March 23, 1995. On June 10, 1996, Fresh Corporation filed a cross claim against CFF Center.
Fresh Corporation (the defendant) has filed this unopposed motion for summary judgment,[1] seeking judgment as to count three, which alleges that the defendant maintained and or controlled the premises where the plaintiff fell, and was negligent in several respects;[2] and count four, which is a derivative claim for consortium brought in the name of Philip Mercede.
The defendant argues that under the auspices of Connecticut General Statutes § 47-200 et seq., the Common Interest Ownership Act, it owed no duty to the plaintiffs because it was not in control or possession of the area where the plaintiff claims to have fallen. Alternatively, the defendant argues that it was not in possession or control of the area where the plaintiff claims to have fallen, and therefore, owed the plaintiffs no common law duty on which to base a claim of negligence.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Citations omitted; brackets omitted; internal quotation marks omitted.) Miller v.United Technologies Corp., supra. 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the CT Page 5025 light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citation omitted; brackets omitted; emphasis omitted; internal quotation marks omitted.) Id.
Connecticut General Statutes § 47-253 reads in pertinent part: "(a) A unit owner is not liable, solely by reason of being a unit owner, for injury or damage arising out of the condition or use of the common elements . . . (b) An action alleging a wrong done by the association, including an action arising out of the condition or use of the common elements, may be maintained against the association and not against any unit owner. . ."
The defendant has pointed out that the above language of § 47-253 (a) was added to the statute after this action arose. However, the defendant argues that based upon the legislative history, the added language merely clarifies what was the existing law at the time, as opposed to altering the meaning of the section. Therefore, the defendant argues that the language should be applied retroactively.
"In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm." Champagne v. Raybestos-Manhattan, Inc.,212 Conn. 509, 521, 562 A.2d 1100 (1989). "[T]he applicable substantive law is that in effect at the time that the action accrues." Champagne v. Raybestos-Manhattan, Inc., supra,212 Conn. 522. The Supreme Court "consistently ha[s] expressed reluctance to construe statutes retroactively where the statutes affect substantial changes in the law, unless the legislative intent clearly and unequivocally appears otherwise." (Citation omitted; internal quotation marks omitted.) Gil v. CourthouseOne, 239 Conn. 676, 686, 687 A.2d 146 (1997). "It is a rule of construction that legislation is to be applied prospectively unless the legislature clearly expresses an intention to the contrary. The rule is rooted in the notion that it would be unfair to impose a substantive amendment that changes the grounds upon which an action may be maintained on parties who have already transacted or who are already committed to litigation." (Citation omitted; brackets omitted; internal quotation marks omitted.) Reid v. Zoning Board of Appeals, 235 Conn. 850, 859
n. 6, 670 A.2d 1271 (1996). However, "[t]he general rule is that when a legislative act is intended to clarify existing law, it necessarily has retroactive effect." (Citation omitted; internal quotation marks omitted.) Reid v. Zoning Board of Appeals, supra,235 Conn. 859 n. 5. CT Page 5026
The 1995 amendments to § 47-253 (a) were not substantive changes, but rather were meant to clarify the meaning of the statute. In reading the current and pre-1995 versions of §47-253 (a), it becomes readily apparent that the amended language has not made substantial changes to the law.[3] In addition, neither version would have supported this cause of action, where the plaintiff fell in a common area within the condominium complex, and sued the defendant based solely on the defendant's ownership of a unit within the condominium complex. Thus, there would be no resulting unfairness to the parties to apply the amended version of the statute.
The defendant further argues that even if § 47-253 (a) does not apply retroactively, it was not in possession or control of the area where the plaintiff allegedly fell. Because it was not in possession or control of the area, the defendant claims it owed no duty to the plaintiff in regard to the stairs, and thus there can be no negligence on its part.
"Liability for an injury due to defective premises does not depend on title, but on possession and control." (Citations omitted.) Farlow v. Andrews Corporation, 154 Conn. 220, 225,224 A.2d 546 (1966). "Even if the defendant were said to own the [area], mere ownership doesn't form the basis of liability — possession and control is necessary." Benson v. Nickal RealtyCo., Superior Court, judicial district of New Haven at New Haven, Docket No. 375535 (March 22, 1996, Corradino, J.). "The law is clear that liability for injuries based on defective premises . . . [is] not based on ownership but rather on possession and control." Amodio v. Canavan, Superior Court, judicial district of New Haven at New Haven, Docket No. 372175 (July 29, 1996, Corradino, J.). "It is the possession of land that imposes liability for injuries rather than the ownership of the land . . . because the person in possession is in a position of control and is best able to prevent the harm." (Citation omitted; internal quotation marks omitted.) Link v. WoodbridgeElderly Housing Limited Partnership, Superior Court, judicial district of New Haven at New Haven, Docket No. 364666 (May 15, 1996, Corradino, J.).
By the terms of the "Declaration of Condominium of CFF Center, Ridgefield, Connecticut," the stairs where the plaintiff allegedly fell were in a "common element," defined on page two of the Declaration as "all portions of the Common Interest Community CT Page 5027 other than units." The defendant has supplied an affidavit attesting that the stairways located at 898 Ethan Allen Highway are not part of the defendant's unit, but are considered common elements of the condominium complex. (Defendant's Affidavit,8-9.) When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly decide[s] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance co. ofPennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995).
Based upon the defendant's supporting evidence and affidavit, there is no material issue of fact as to the lack of the defendant's possession and control over the area where the plaintiff allegedly fell. While the defendant would have owed the plaintiff certain duties had the plaintiff fallen in the defendant's unit, those duties do not extend into the common areas of the condominium complex, over which the defendant had no possession. Further, "[r]etention of control is essentially a matter of intention to be determined in the light of all significant circumstances." (Citation omitted.) Dinnan v.Jozwiakowski, 156 Conn. 432, 434, 242 A.2d 747 (1968). Here, the intention of the parties manifests itself in the written Declaration, which protects unit owners from liability for injuries that occur in common areas of the complex. For these reasons, the motion for summary judgment is granted as to the third count of the plaintiffs' complaint.
"Loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Izzo v. ColonialPenn Ins. Co., 203 Conn. 305, 312, 524 A.2d 641 (1987). See alsoDeMarinis v. United Services Automobile Assn. Casualty Ins. Co.,44 Conn. App. 172, 178, A.2d (1997) ("loss of consortium cause of action . . . remains derivative of the claim arising out of the injury to the spouse, and it could not come into existence without that injury"). Because the third count of the plaintiffs' complaint must fail, the fourth count, which is derivative and inextricably attached to it, must also fail.
For the above reasons, the motion for summary judgment as to counts three and four of the plaintiffs' complaint is granted in favor of the defendant.
STODOLINK, J. CT Page 5028