KIMBERLY FERNANDEZ *v.* ESTATE OF
FRED AYERS ET AL.
(AC 19093)

Foti, Lavery and Hennessy, Js.

Submitted on briefs November 3, 1999—officially released January 11, 2000

*Lorenzo J. Cicchiello* filed a brief for the appellant (plaintiff).

*Michael E. Driscoll* and *Robert G. Tukey* filed a brief for the appellees (defendants).

*Opinion*

FOTI, J. The plaintiff, Kimberly Fernandez, appeals from the summary judgment rendered in favor of the defendants.[1] On appeal, the plaintiff claims that the trial court improperly concluded that there existed no genuine issue of material fact. We affirm the judgment of the trial court.

The pleadings, accompanying affidavits and other documentary evidence presented to the trial court reveal the following facts. The plaintiff claims that she was injured on July 29, 1996, as a result of a fall while walking on a driveway at 64 Ayers Drive in Canterbury. At the time, the property was owned by the defendant Lora Ayers (Ayers), a resident of Florida. Ayers' husband, Fred Ayers, had died in 1995. Prior to his death, title to that property was held by the Ayerses in survivorship. At the time of the plaintiff's fall, the premises were occupied by a tenant, Shirley Baker. Baker occupied the premises for a number of years and, pursuant to

---

[1] The plaintiff named Lois Ayers and the estate of Fred Ayers as defendants. Fred Ayers had died prior to the plaintiff's alleged injury. The trial court rendered judgment dismissing the action against the estate for lack of jurisdiction because it was not a legal entity capable of being sued. No issue was raised on appeal by the plaintiff pertaining to this ruling.

an oral agreement with Ayers, was in possession and control on July 29, 1996, and for several years prior.

The plaintiff did not file a counteraffidavit or allege in her complaint that at the time of her fall Ayers was in possession and control of the premises.[2] The complaint alleged that the defendants were residents of Florida. As a result of a request for production, the plaintiff received and submitted to the court the declaration page of a homeowner's policy concerning 64 Ayers Drive in the name of Lora Ayers, insuring the premises at the time of the fall for fire, liability and medical payments. The plaintiff also claimed in her deposition that she observed Ayers on the property at some unknown time in the past. The trial court concluded that neither submission created an issue of fact as to possession and control, thereby entitling the defendants to judgment as a matter of law.

The standard of review for summary judgment is well established. "Practice Book § [17-49] mandates that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Fernandez* v. *Standard Fire Ins. Co.*, 44 Conn. App. 220, 222, 688 A.2d 349 (1997).

Our Supreme Court has recognized that the desire for judicial efficiency inherent in the summary judgment procedure would be frustrated if parties were forced

---

[2] Along with her "Objection to Motion for Summary Judgment," the plaintiff filed a request for leave to amend along with a proposed amended complaint that sought to supplement the complaint by adding that "in addition to owning the property at issue, the defendant Ayers, also possessed and controlled the property."

to try a case where there was no real issue to be tried. *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 281, 464 A.2d 57 (1983); *Dowling* v. *Kielak*, 160 Conn. 14, 16, 273 A.2d 716 (1970); *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 228, 253 A.2d 22 (1968).

The plaintiff neither filed a counteraffidavit nor introduced facts showing that Ayers, although residing in Florida, retained control over the premises. The plaintiff failed to plead possession and control; she did not bring forth evidentiary facts or substantial evidence from outside the pleadings from which, even if pleaded, those allegations could be inferred. See *Wadia Enterprises, Inc.* v. *Hirschfeld*, 27 Conn. App. 162, 168–69, 604 A.2d 1339, aff'd, 224 Conn. 240, 618 A.2d 506 (1992). "Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 377, 260 A.2d 596 (1969).

Our examination of the plaintiff's "evidence" submitted in support of her claim that Ayers was in possession and control of the premises leaves us unpersuaded that the trial court acted improperly in rendering summary judgment. She failed to present the requisite underlying factual basis sufficient to raise a genuine issue of material fact relating to possession and control. Liability for a claimed injury due to a defective premises depends on possession and control and not on title. *Farlow* v. *Andrews Corp.*, 154 Conn. 220, 225, 224 A.2d 546 (1966). Ayers provided documentary proof that possession and control of the premises had been relinquished to Baker some years prior to the incident.

The plaintiff's sole claim regarding a policy of insurance maintained by Ayers is insufficient to contradict the documentation Ayers presented.[3] Because nothing

---

[3] The record fails to disclose that the plaintiff deposed either Ayers or Baker relative to the agreement relinquishing possession and control.

was presented to counter the evidence before the trial court that the defendants did not possess and control the premises at the time of the alleged injury, no duty was owed by the defendants, and they were entitled to summary judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.