[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff Peter Magee filed the present action claiming legal malpractice, breach of contract and violation of the Connecticut Unfair Trade Practices Act, General Statutes §42-110a et seq. (CUTPA), against the defendants Ira Charmoy, Charmoy and Nugent, Charmoy and Nugent, L.L.C. and James M. Nugent based upon their representation of the plaintiff during a bankruptcy proceeding. The defendants filed a motion for summary judgment claiming that the present action is barred by res judicata or collateral estoppel because the United States Bankruptcy Court decided to award attorneys' fees to the defendants. The defendants also claim that the plaintiff's allegations cannot form the basis of a CUTPA claim. This court concludes that the present action is not barred by res judicata or collateral estoppel because the record demonstrates that the bankruptcy judge did not believe that an award of fees was performance driven. (See Defendants' Motion for Summary Judgment, Exhibit B, Transcript, United States Bankruptcy Court, Docket No. 50875 (D. Conn. November 4, 1997, Schiff, J.), p. 19.) However, the court grants the motion for summary judgment as to count three of the complaint alleging a violation of CUTPA because the allegations merely claim professional negligence. CT Page 1476
According to the record, the plaintiff filed for chapter 11 bankruptcy protection. At some point during the bankruptcy proceedings, the United States trustee sought a conversion to a chapter 7 bankruptcy, which the court granted. In two applications for legal fees, the court granted the defendants' attorneys' fees totaling $78,482.70. Prior to the hearing on the defendants' third application for legal fees totaling $22,259.72, the plaintiff filed an objection to the defendants' application for attorneys' fees. The plaintiff argued that the attorneys' fees for the defendants should be reduced by half to about $50,000.
In opposing the defendants' application for attorneys' fees, the plaintiff argued that the main reason for the conversion to a chapter 7 bankruptcy was the defendants' failure to counsel the plaintiff on how to file operating reports in the proper manner for the United States trustee.[1] The defendants claimed that the main reason for the conversion was due to commingling of assets by the plaintiff. After hearing argument concerning the reason for the conversion, the court concluded that it was more likely that the case was converted to a chapter 7 bankruptcy for reasons other than the operating reports. The court stated that its initial orders for $78,482.70 were final and inappropriately contested by the plaintiff. In addition, the court noted that the United States trustee and the chapter 7 trustee believed that the $22,259.72 in fees were justified on the basis of the amount of time spent and the hourly rate. The court overruled the plaintiff's objection stating that "I am satisfied with Mr. Charmoy's explanation." (Defendants' Motion for Summary Judgment, Exhibit B, Transcript, United States Bankruptcy Court, Docket No. 50875 (D. Conn. November 4, 1997, Schiff, J.), pp. 20-21.) However, the court also stated: "In any event, this isn't a performance driven fee. People are paid fees for their time, at their acceptable hourly rate, not necessarily on result, although result might, in some instances, flavor, under certain circumstances, the amount of the fee." (Id., at 20.)
The defendants argue that the court should grant their motion for summary judgment because the doctrines of collateral estoppel or res judicata bar this action. See In the Matter of interlogicTrace, Inc., United States Court of Appeals, Docket No. 51085 (5th Cir. January 25, 2000) (holding that bankruptcy court's fee award has res judicata effect); In the Matter of Southmark Corp.,163 F.3d 925, 932-34 (5th Cir.), cert. denied, ___ U.S. ___, 119 CT Page 1477 S.Ct. 2339, 144 L.Ed.2d 236 (1999) (applying collateral estoppel to preclude the relitigation of issues that arose during a bankruptcy proceeding in a subsequent malpractice action). "Practice Book § [17-49] mandates that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial judge must view the evidence in the light most favorable to the nonmoving party." Fernandez v. Estate of FredAyers, 56 Conn. App. 332, 334, ___ A.2d ___ (2000).
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. . . .
An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta." (Citations omitted; internal quotation marks omitted.) Pitchell v. Williams,55 Conn. App. 571, 577-78, 739 A.2d 726 (1999).
"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in CT Page 1478 the earlier proceeding. . . . The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits." (Citations omitted; internal quotation marks omitted.) Krondes v. Norwalk Saving Society, 53 Conn. App. 102,119, 728 A.2d 1103 (1999).
This court concludes that collateral estoppel is not applicable to bar the present action because the adequacy of the defendants' legal performance was not necessarily determined by the bankruptcy court's award of legal fees. The court also concludes that res judicata is not applicable to bar the present claim because the plaintiff did not have an adequate opportunity to litigate the matter in the earlier proceeding. The defendants presented three separate applications for fees. The plaintiff attempted to argue many of the same issues that are before this court in contesting the defendants' third application for fees. However, the bankruptcy court explicitly stated that this is not a "performance driven fee." The record indicates the possibility that the bankruptcy court may have awarded fees merely based upon the hours spent by the attorneys at their "acceptable hourly rate." While the court acknowledges that the bankruptcy judge may have actually considered the performance of the defendants in awarding attorneys' fees, the record is unclear as to this point. This court must view the evidence in the light most favorable to the nonmoving party when deciding a motion for summary judgment. See Fernandez v. Estate of Fred Ayers, supra, 56 Conn. App. 334. Therefore, the defendants' motion for summary judgment based upon collateral estoppel and res judicata is denied.
The defendants also argue that the court should grant its motion for summary judgment as to count three of the complaint because the allegations do not support a cause of action for a violation of CUTPA. The Connecticut Supreme Court has stated that "professional negligence — that is, malpractice — does not fall under CUTPA." (Internal quotation marks omitted.) Beverly HillsConcepts, Inc. v. Schatz and Schatz, 247 Conn. 48, 79,717 A.2d 724 (1998). In addition, "only the entrepreneurial aspects of the practice of law are covered by CUTPA." (Internal quotation marks omitted.) Id. The plaintiff has alleged that the defendants failed to provide adequate advice and representation during the bankruptcy proceedings. These allegations do not constitute "entrepreneurial aspects of the practice of law," but merely CT Page 1479 claim "professional negligence." Accordingly, the defendants' motion for summary judgment as to count three is granted.
So Ordered.
D'ANDREA, J.