[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action against the defendants, Brian and Stephen Long, seeking to recover damages for personal injuries sustained in a fall on an icy driveway. He claimed that the defendants were in possession and control of the premises. The defendants denied the claim and in a special defense alleged that the plaintiff was comparatively negligent. The plaintiff's employer filed an intervening complaint seeking to recover damages for worker's compensation benefits paid to the plaintiff on account of the injury sustained as a result of his fall. After the case had been claimed for trial to a jury, the parties waived CT Page 9790 that right and tried the case to the court.
The court finds that on January 17, 1994, the defendants owned property located at 1506 Moore Hill Road, Guilford, Ct. The defendants have judicially admitted this in their answer. On that date, the real estate was improved with a single family home that was under construction. On January 17, 1994, the plaintiff and a co-worker were delivering sheetrock to the property on behalf of their employer, New Haven Drywall, Inc. New Haven Drywall was performing sheetrocking inside the house. The plaintiff carried two 12' X 4' sheets of sheetrock into the house from his truck at a time. The plaintiff walked down a dirt driveway that was covered with ice and snow into the garage. The front door was inaccessible because stairs had yet not been installed. On the plaintiff's third trip to the house carrying sheetrock he slipped on ice, fell and injured his back.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." Dean v.Hershowitz, 119 Conn. 398, 407-08, 177 A. 262 (1935). Whether one is under a duty to exercise care to avoid injury to others "due to a defective premises depends on possession and control and not on title. Farlow v. Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966) [fall on ice]." Fernandez v. Estate of Fred Ayers, 56 Conn. App. 332, 335,742 A.2d 836 (2000); see also Corvo v. Waterbury, 141 Conn. 719, 725,109 A.2d 869 (1954); Ziulkowski v. Kolodziej, 119 Conn. 230, 232-33,175 A. 780 (1934). It was the plaintiff's burden to prove the essential elements of his case; Rix v. Stone, 115 Conn. 658, 663, 163 A. 258
(1932); including possession and control. Haffey v. Lemieux, 154 Conn. 185,192, 224 A.2d 551 (1966); Farlow v. Andrews Corp., supra. He has not done so. He proved only defendants' ownership.
The plaintiff nonetheless argues that an owner of premises has a nondelegable duty to remove ice and snow from his premises. The short answer to this claim is that under Connecticut law, an owner has no duty, delegable or nondelegable, if he is not in possession and control.Fernandez v. Estate of Fred Ayers, supra, 56 Conn. App. 336.
In light of this disposition, it is unnecessary to address the other issues raised by the parties. Judgment may enter for the defendants on the complaint and intervening complaint.
BY THE COURT
Bruce L. Levin CT Page 9791 Judge of the Superior Court