[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Maria Rosa Vancini (Vancini), has brought this premises liability action against the defendants, Fleet National Bank of Massachusetts F/K/A Fleet National Bank of Connecticut F/K/A Fleet Bank, N.A. F/K/A Connecticut National Bank and Trust (collectively, Fleet), Hartford Provision Company (Hartford Provision) and Samuel Lotstein Realty Company (Lotstein).[1] The complaint alleges negligence on the part of the defendants arising out of an alleged slip and fall by Vancini on a cement curb which was located in the parking lot of 1079 High Ridge Road in Stamford (the premises). Vancini alleges that the curb was in disrepair and therefore, created an unsafe footing for persons walking to and from their vehicles in the parking lot. In count one, Vancini alleges that Fleet owns the premises and its parking lot and therefore, is responsible for the maintenance and repair of the parking lot. CT Page 3109 Consequently, Vancini maintains that Fleet had a duty to exercise reasonable care to Vancini in this regard and ultimately, failed to do so.
Fleet moved for summary judgment as to count one of Vancini's complaint on the ground that the parking lot where Vancini allegedly fell is not controlled or maintained by Fleet, but rather owned by Lotstein. Fleet contends, therefore, that it is entitled to summary judgment as a matter of law as Fleet does not exercise control of the parking lot where Vancini's injury took place.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
As a preliminary matter, the court notes that Vancini has not filed any memoranda, nor provided the court with any evidence or documentation, in opposition to Fleet's motion. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Ins. Co. of Pennsylvania,231 Conn. 756, 795, 653 A.2d 122 (1995). Consequently, this court does not have to look beyond the sufficiency of Fleet's evidence in this matter.
Fleet argues that the parking lot in question is owned by Lotstein and not Fleet. Consequently, Fleet argues that it owes no duty to Vancini and therefore, is not liable to Vancini as it did not have control or possession of the area at the time the injury occurred. In support of its contention, Fleet attached the affidavit of Karen B. Sweeters as well as a city of Stamford official map to its memorandum of law. (Fleet's memorandum, Sweeters Aff.; Sweeters Aff., Exh. 1, 2, 3.)
"Liability for a claimed injury due to a defective premises depends on possession and control and not on title." Fernandez v. Estate of FredCT Page 3110Ayers, 56 Conn. App. 332, 335, 742 A.2d 836 (2000); see also Ortiz v.Aries Group, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 147384 (June 23, 1997, D'Andrea, J.) ("Liability for injuries due to defective premises is predicated upon possession and control of the premises, as opposed to mere ownership.") "It is the possession of land that imposes liability for injuries rather than the ownership of land . . . because the person in possession is in a position of control and is best able to prevent harm." (Internal quotation marks omitted.) Hobart v. McDonald's Restaurant of Connecticut, Superior Court, judicial district of New Haven at Meriden, Docket No. 263193 (July 19, 1999, Beach, J.).
In the present case, the affiant, a Connecticut title searcher, states that she has personal knowledge that Fleet has never held any ownership interest in the premises and that Lotstein is presently the owner of the premises. The affiant, however, does not make any statements regarding whether Lotstein has possession and control of the premises and therefore, is responsible for its maintenance and repair. Furthermore, Fleet does not provide the court with any additional information or evidence to confirm who has possession or control of the premises. As discussed, liability for injuries incurred on a defective premises is not based on ownership, but rather on possession and control. See Fernandezv. Estate of Fred Avers, supra, 56 Conn. App. 335. Consequently, regardless of evidence as to Lotstein's ownership of the premises, there is a genuine issue of material fact in dispute as to who had possession and control of the premises at the time of the incident and therefore, who had a duty to Vancini to maintain and repair the parking lot on the premises. See Connolly v. DiGirolamo, Superior Court, judicial district of New Haven at New Haven, Docket No. 379344 (July 15, 1998, O'Keefe, J.) (court denied summary judgment on ground that, "[a]lthough there is no question of fact with regard to ownership of the site of the fall, there does seem to be a question of fact with regard to the maintenance and or control of that area."). Accordingly, Fleet's motion for summary judgment is denied.
So Ordered.
D'ANDREA, J.