[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is an action to recover damages for personal injury to Gary A. Krol, a minor who resides with his mother in a condominium unit known as 222 East William Street, unit 307, "The Soap Factory Condominium", incurred when he was closing a glass-paned exterior window in their unit when the window became detached from its track and fell onto the plaintiff. The six count negligence complaint is brought against three defendants: The Soap Factory Condominium Association, Inc., White and Katzman Management, Inc. and Michael B. Fischer, the owner of the condominium unit.
On October 23, 2000, defendants The Soap Factory Condominium Association, Inc. and White Katzman Management, Inc. filed this motion for summary judgment as to counts one, two four and five of the complaint on the ground that the facts are clear, demonstrating that the defendants were not in possession or control of the premises where the plaintiff was allegedly injured and, therefore, owed no duty of care to the plaintiff. On February 28, 2001, the plaintiffs filed a revised complaint which the parties agree is the operative complaint for purposes of this motion.
 I.
Liability for a claimed injury due to a defect on premises depends on possession and control and not on title. Fernandez v. Estate of Fred Ayers,56 Conn. App. 332, 335, 742 A.2d 836 (2000).
In support of the motion, the defendants have supplied an affidavit of N. Lynn McCarron, an employee of White and Katzman Management, Inc., attesting that: (1) the defendants did not own, lease, possess, control, operate, or maintain any of the condominium units; (2) on August 3, 1997, unit 307 was owned by Michael B. Fischer; (3) any rental or lease agreement for unit 307 was entered into between the unit owner and the plaintiff's mother; (4) the defendants did not, at any time, own, possess, control, or maintain any of the external windows because they CT Page 13468-ck were a part of the unit and not part of the common area; (5) maintenance and repairs of the units and their exterior windows was to be performed by the unit owner; and (6) at no time have the defendants ever maintained or repaired exterior windows in the condominium units. The defendants have also supplied: (1) the declaration of condominium which defines a "unit" as including all exterior windows, and (2) The Soap Factory Condominium by-laws which provides that "[t]he Association shall maintain, repair and replace all of the Common Elements" and that "[e]ach Unit Owner shall maintain, repair and replace at his own expense, all portions of his Unit, except the portions thereof to be maintained, repaired and replaced by the Association."
 II.
In his brief and in oral argument plaintiff does not deny defendants' claim as to possession or control of the premises but asserts there is a material question of fact as to whether they had a duty to warn plaintiff of the propensity of the window to become detached from the track. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Bennett v. Connecticut Hospice, Inc.,56 Conn. App. 134, 137, 741 A.2d 349 (1999), cert. denied, 252 Conn. 938, 747 A.2d 2 (2000).
The plaintiffs have submitted no authority in support of their claim that even if the defendants were not in possession or control of the individual condominium unit's windows, the defendants still had a duty to warn the plaintiffs that the exterior windows in the condominium complex were dangerous. The plaintiffs rely solely on the uncertified deposition testimony of N. Lynn McCarron in opposition to the defendants' summary judgment motion which simply lists a number of situations where windows in the condominium complex required repairs, including one resulting from the detachment of a window from its frame. Quite aside from the inappropriateness for this court to consider an uncertified deposition testimony as a foundation to create an issue of fact, see Morocco v. RexLumber Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 581985 (April 5, 2001, Wagner, J.T.R.), there is not sufficient factual data in this deposition transcript to constitute a CT Page 13468-cl material question of fact as to whether defendants had a duty to warn let alone the existence of such a duty under our law. On the other hand, the affidavit of N. Lynn McCarron and other supporting documentation submitted by the defendants establishes that there is no genuine issue of material fact as to whether the defendants were in possession or control of the premises at the time the plaintiff was allegedly injured. SeeAlbrecht v. Big Y. Corp., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 74749 (September 10, 1999, DiPentima, J.);Mercede v. CFF Center Assn., Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 318679 (May 16, 1997, Stodolink, J.) (19 Conn. L. Rptr. 421); Grant v. McDonald's Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525054 (August 6, 1996, Hennessey, J.).
For the foregoing reasons, defendants' motion for summary judgment as to counts one, two, four and five of the plaintiffs' complaint is granted.
Wagner, JTR