[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
On November 27, 2000, the plaintiff, Dorothy Ryan, filed a complaint against the Town of Kent and Barton Kent, L.L.C., claiming that she was injured on November 4, 1998, when she tripped and fell as she walked along a sidewalk located in front of a building partially occupied by B. Johnstone Co. at the Kent Town Center. The plaintiff alleges that she fell due to the dangerous and defective condition of the sidewalk. She claims that the defendant, Barton Kent, L.L.C. ("Barton"), is the record owner of the real property known as Kent Town Center. On September 7, 2001, Barton filed a motion for summary judgment as to the first count of the plaintiff's complaint. In support of its motion, it filed a memorandum of law and affidavit from Dale Barton, a member of Barton. On December 14, 2001, the plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment with supporting documentation. On December 20, 2001, this court, granted Barton's motion for summary judgment. On January 22, 2002, the plaintiff filed a motion to articulate the decision of the court granting Barton's motion for summary judgment.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343,351, 773 A.2d 906 (2001). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751-52. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact" Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case Hammer v. Lumberman's Mutual Casualty Co.,
CT Page 3923214 Conn. 573, 578, 573 A.2d 699 (1990). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969). "Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." Fernandez v. Estate of Fred Ayers,56 Conn. App. 332, 335, 742 A.2d 836 (2000).
Barton moved for summary judgment as to the first count of the plaintiff's complaint on the ground that it does not own, possess, maintain or control the premises where the injury occurred. It further contends that it does not owe the plaintiff a legal duty. In her opposition memorandum, the plaintiff argues that Barton is not entitled to summary judgment because there is a genuine issue of material fact as to who owns, possesses, maintains or controls the area where the plaintiff's injury occurred.
The essential elements of a cause of action in negligence are well established: duty, breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co., 44 Conn. App. 657,660, 691 A.2d 1107 (1997). "[O]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Mendillo v. Board of Education,246 Conn. 456, 483, 717 A.2d 1177 (1998). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 567, 707 A.2d 15 (1998). Whether one is under a duty to exercise care to avoid injury to others "due to a defective premises depends on possession and control and not on title." Fernandez v. Estate of Fred Ayers, supra, 56 Conn. A 335, citing, Farlow v. Andrew Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966).
In this case, the affiant, Dale Barton, member of Barton, asserts that Barton does not own, control or maintain the premises on which the plaintiff alleges to have fallen, the sidewalk in front of B. Johnstone 
Co. at the Kent Town Center. (Dale Barton Affidavit, September 7, 2001, [Barton Affidavit], ¶¶ 4, 5 6.) Moreover, she states that on November 4, 1998, the date of the alleged injury, Barton did not own, control or maintain the premises on which the plaintiff alleges to have fallen. (Barton Affidavit, ¶¶ 7, 8 9.) Furthermore, the affiant provides that on November 4, 1998, Barton was not contractually obligated to make repairs nor had it contracted with any entity to make repairs to CT Page 3924 the premises on which the plaintiff alleges to have fallen. (Barton Affidavit, ¶ 10.)
The plaintiff has offered in support of her argument the warranty deed from the Town of Kent's land records to establish that Barton acquired the property at Kent Town Center. The plaintiff has also offered the "Amendment to Declaration of Kent Town Center" showing that the units in Kent Town Center that Barton owns represent seventyone percent of the votes of owners. She argues that by statute the owner of a condominium unit owns an undivided interest in the common elements of the condominium. Therefore, the plaintiff concludes, there is a question of fact as to whether the defendant owns, possesses, maintains or controls the area where the injury occurred.
Here, the plaintiff has merely presented evidence to show that Barton owns the premises. An owner has no duty if he is not in possession and control. See Fernandez v. Estate of Fred Ayers, supra, 56 Conn. App. 336;Suarez v. Long, Superior Court, judicial district of New Haven, Docket No. 380763 (August 24, 2000, Levitt, J.). Regardless of the evidence of Barton's ownership of the premises, the plaintiff has not offered any counteraffidavits or introduced facts showing that Barton had or retained possession and control over the premises. See Fernandez v. Estate of FredAvers, supra, 56 Conn. App. 335. Additionally, the plaintiff has neither plead that Barton was in possession and control of the premises nor set forth evidence from outside the pleadings from which such allegations could be inferred. Id. The documentation the plaintiff submitted does not create an issue of fact as to possession or control.
The plaintiff has failed to raise a genuine issue of material fact that Barton had possession and control of the premises. Accordingly, Barton does not owe a duty to the plaintiff and, therefore, is not liable to the plaintiff for her injuries. Barton therefore is entitled to summary judgment on count one as a matter of law.
By the court.
Gill, J.