[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORAMDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On August 10, 2001, the plaintiff, Trudy Pertoso, filed a negligence claim against the defendants, Riverview Heights, LLC (Riverview Heights) and Curtisey Corporation (Curtisey). This two-count second amended complaint alleges that on October 19, 1999, the plaintiff was injured when she slipped and fell on water on the floor of Riverview Apartments in Ansonia, Connecticut.[1] The first count alleges that at the time of the incident, Riverview Heights possessed and controlled Riverview Apartments; the second count alleges that Curtisey possessed and controlled Riverview Apartments at the time of the incident.
On July 17, 2001, Riverview Heights filed an answer and special defense that the plaintiff's injuries were caused by her own negligence. On August 1, 2001, the plaintiff filed her reply denying this special defense. On November 26, 2001, Curtisey filed a revised answer and special defense that the plaintiff's injuries were caused by her own comparative negligence.[2] On December 4, 2001, the plaintiff filed her reply denying this special defense.
On December 20, 2001, Curtisey filed the present motion for summary judgment on count two of the second amended complaint on the ground that Curtisey owed no duty to the plaintiff because it did not have possession and/or control of Riverview Apartments at the time of the incident. In support of its motion, Curtisey filed a memorandum of law, a management agreement between Curtisey and Riverview Associates of Waterbury, and an affidavit of A. Pat Ambrogio, the president of Curtisey.[3] The plaintiff did not file any opposition papers.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the I moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Bracket in original; citation omitted; internal quotation marks omitted.) Id. CT Page 5739
"Liability for a claimed injury due to a defective premises depends on possession and control." Fernandez v. Estate of Fred Ayers,56 Conn. App. 332, 335, 742 A.2d 836 (2000). The Connecticut Supreme Court "has defined control as the power or authority to manage, superintend, direct or oversee." (Internal quotation marks omitted.)Alderman v. Hanover Ins. Group, 169 Conn. 603, 606, 363 A.2d 1102
(1975). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Mendillo v. Board of Education,246 Conn. 456, 483, 717 A.2d 1177 (1998).
It is undisputed that Riverview Associates and Curtisey had entered into a management agreement for Riverview Apartments. The management agreement shows that both parties had entered into a contract whereby Curtisey would oversee the daily operations of Riverview Apartments.[4]
The contract further provides that it would remain in effect for a period of one year beginning August 1, 1998. It is also undisputed that Curtisey no longer had possession and control over Riverview Apartments at the time of the alleged incident on October 19, 1999. In his affidavit, Ambrogio avers that on October 13, 1999, Riverview Apartments was transferred to Riverview Heights, and as of this date, Curtisey had no contractual obligations, ownership interest, or other responsibilities over the apartments. Therefore, Curtisey owed no duty to the plaintiff. Thus, Curtisey has satisfied its burden of showing the absence of any genuine issue of material fact. Additionally, as the party opposing the motion for summary judgment, the plaintiff has not provided any evidence showing the existence of a genuine issue of material fact. Accordingly, Curtisey is entitled to judgment as a matter of law, and its motion for summary judgment is granted.
 CONCLUSION
Curtisey's motion for summary judgment is granted because there exists no genuine issue of material fact as to whether Curtisey had possession and control of the premises at the time of the alleged incident.
HOLDEN, J.