[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#105)
The plaintiff, Eugene Christensen, filed a complaint against the defendants, Rostand Associates, LLC, John DePalma, and Claire DePalma. The complaint dated September 19, 2001, is in two counts. Count one is directed at Rostand Associates, LLC (Rostand) only. Count two is directed at John DePalma and Claire DePalma (the DePalmas) only. In his complaint, Christensen is alleging that on or about May 11, 2000, he was injured following a slip and fall while working on a loading dock located CT Page 5766 at 33 Railroad Avenue in Milford, Connecticut. Christensen alleges that all of the named defendants "owned, controlled, managed, possessed and/or maintained the property and premises" at 33 Railroad Avenue in Milford. Christensen further alleges that Rostand and the DePalmas were "negligent in allowing the loading dock located on the premises at 33 Railroad Avenue to be and remain in an unsafe and dangerous condition." As a direct and proximate result of Rostand and the Depalmas' alleged negligence, Christensen claims he slipped and fell on the loading dock and thereby was injured.
On November 9, 2001, Rostand and the Depalmas filed an answer and special defenses to the complaint. In the answer, Rostand and the DePalmas have all denied the allegations of negligence. Additionally, Rostand and the DePalmas assert as a special defense that Christensen was "himself negligent and that his negligence was a substantial factor in causing the occurrence and injuries of which he complains." On November 16, 2001, Christensen filed a general denial.
On November 20, 2001, the DePalmas filed a motion for summary judgment as to Count two of the complaint. Count two is directed only at John DePalma and Claire DePalma as individuals. The DePalmas have asserted in their motion that there exists no genuine issue as to any material fact and they are entitled to judgment as a matter of law. Specifically, their motion is made on the ground that since they "did not own, control, manage, possess and/or maintain the property in question, they did not owe a duty to the plaintiff and should be removed as party defendants in this action." In support of their motion, the DePalmas submitted a memorandum of law, copies of official filings with the Connecticut secretary of state and city of Milford, and the Depalmas' sworn affidavits. In response, Christensen filed a memorandum of law and sworn affidavit in opposition to the DePalmas' motion for summary judgment.
 I.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [17-46]." (Brackets in original; internal quotation CT Page 5767 marks omitted.) H.O.R.S.E. of Connecticut, Inc. v. Washington,258 Conn. 553, 559, 783 A.2d 993 (2001)
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) Nolan v.Borkowski, 206 Conn. 495, 500, 538, ___ A.2d 1031 (1988). "If a genuine issue exists, it must be left to a later determination after a full hearing." Siudyla v. ChemExecRelocation Systems, Inc., 23 Conn. App. 180, 184,579 A.2d 578 (1990). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence . . . Hence, the genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378-79, 260 A.2d 596 (1969). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Brackets in original; internal quotation marks omitted.)H.O.R.S.E. of Connecticut, Inc. v. Washington, supra, 258 Conn. 560; see also United Oil Co. v. Urban Redevelopment Commission, supra, 158 Conn. 379
("[a] `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case")
A material fact which will make a difference in the outcome of this case is whether the DePalmas owned, controlled, managed, possessed and/or maintained the property upon which Christensen was injured. Christensen has alleged in his complaint that the Depalmas' negligence was the direct and proximate cause of his injury. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). "There can be no actionable negligence, however, unless there exists a cognizable duty of care." Waters v. Autori, 236 Conn. 820, 826, 676 A.2d 357 (1996). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660, 691 A.2d 1107
(1997)
The DePalmas argue in their motion for summary judgment that "because they did not own, control, manage, possess and/or maintain" the subject property, "they owed no duty to this plaintiff" and "consequently, the plaintiff's claims against them sounding in negligence must fail as a matter of law." In support of this, the DePalmas have submitted a CT Page 5768 memorandum of law and several exhibits. In their sworn affidavit, the DePalmas aver "that at the time of the plaintiff's injury they were not the record title holders/owners of the property in question." The DePalmas aver that "Rostand Associates, LLC owned the property on the date of the plaintiff's injury." A copy of a quitclaim deed naming Rostand Associates, a Connecticut general partnership, as the releasee recieving title to the property at 33 Railroad Avenue in Milford, Connecticut has also been submitted. Additionally, the DePalmas submit a copy of the articles of incorporation which announces the conversion of Rostand Associates, the Connecticut general partnership, into Rostand Associates, LLC. The DePalmas also submit a copy of a document titled "Certificate of Name Change" which announces that Rostand Associates, the general partnership, owning the subject property, was converted to a limited liability company having the name of Rostand Associates, LLC." The final exhibit is a copy of a document from the assistant Town-City Clerk of Milford, certifying the Trade Name Certificate dated December 7, 1998, a copy of which the Depalmas have also submitted.
The DePalmas maintain that all of these documents "support their averment that they had no ownership interest in the premises." The DePalmas argue that "the corporate entity, Rostand Associates, LLC, as owner of the premises is legally charged with the responsibilities of maintenance of the premises," and aver in their affidavit that "any issues regarding the maintenance of 33 Railroad Avenue rest with the corporation, Rostand Associates, LLC." They further contend that the "plaintiff alleges no facts that would support a piercing of the corporate veil." In his complaint, however, Christensen has not pleaded under a theory of piercing the corporate veil. "What is in issue is determined by the pleadings. . . ." Borkowski v. Sacheti, 43 Conn. App. 294, 320,682 A.2d 1095, cert. denied, 239 Conn. 945, 686 A.2d 120 (1996). "The purpose of the complaint is to limit the issues to be decided. . . ."Farrell v. St. Vincent's Hospital, 203 Conn. 554, 557, 525 A.2d 954
(1987) "Only those issues raised by the plaintiff in the . . . complaint can be tried. . . ." Id. Therefore, the DePalmas' contention that there are no facts alleged that would "support a piercing of the corporate veil" is not relevant to the resolution of this motion for summary judgment.
Despite their arguments contesting title ownership, however, the DePalmas do concede that the "plaintiff's claim can still survive if the DePalmas in their individual capacity, possessed, maintained and/or controlled the premises." The DePalmas correctly cite to Farlow v.Andrews Corporation, 154 Conn. 220, 225, 224 A.2d 546 (1966), for the proposition that, "[lliability for an injury due to defective premises does not depend on title, but on possession and control." In a more recent case which followed Farlow, the appellate court upheld the CT Page 5769 granting of the defendant's motion for summary judgment where the defendant had shown that although she owned the subject property at the time of the plaintiff's fall, "the premises were occupied by a tenant."Fernandez v. Estate of Fred Ayers, 56 Conn. App. 332, 333, 742 A.2d 836
(2000). Specifically, the Fernandez court held that, "[l]iability for a claimed injury due to a defective premises depends on possession and control and not on title." Id., 335.
In their first affidavit filed with their motion for summary judgment on November 20, 2001, the DePalmas aver, "we are not presently, nor were we on the date of the plaintiff's alleged injury the record title holders/owners of the property in question." Christensen filed a memorandum of law in opposition on November 28, 2001. Christensen argues that the DePalmas "failed to demonstrate the absence of a genuine issue of material fact" with regard to "ownership, control, management, possession, and/or maintenance of the property in question." Christensen argues that although the DePalmas deny ownership on the date of the plaintiff's injury, "nowhere in the affidavit do they deny possession and control." Subsequently, on December 12, 2001, the DePalmas filed a supplemental affidavit in which they "deny ownership, possession, control and maintenance of 33 Railroad Avenue, Milford, CT."
The courts hold the movant of a summary judgment motion to a strict standard when determining if he has met the burden of showing the absence of any genuine issue as to all the material facts thereby entitling him to judgment as a matter of law. See, e.g., Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 373 n. 7, 746 A.2d 753 (2000). Therefore, in order to prevail on their motion, the DePalmas, as "the [movants] must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Id. "It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute." (Emphasis in original; internal quotation marks omitted.) Doty v. Shawmut Bank,58 Conn. App. 427, 430, 755 A.2d 219 (2000)
In the present case, the DePalmas have offered no other evidence, other than their supplemental affidavit, to support their contention that they do not "possess, control, and/or maintain" the subject property. Where "averments are little more than denials of the facts alleged in the plaintiff's complaint, [such] denials . . . are an insufficient basis for the rendition of summary judgment." Gambardella v. Kaoud, supra,38 Conn. App. 360. "If a moving party's papers are insufficient to discharge his burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material CT Page 5770 . . . [and] [s]ummary judgment should be denied where the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all the relevant issues of the case." (Citation omitted.)Walker v. Lombardo, 2 Conn. App. 266, 269, 477 A.2d 168 (1984)
Nevertheless, "to oppose a motion for summary judgment successfully, the non-movant must recite specific facts in accordance with Practice Book (1998 Rev.) §§ 17-45[1]
and 17-46[2] which contradicts those stated in the movant's affidavits and documents and show that there is a genuine issue for trial (Internal quotation marks omitted.) Doty v.Shawmut Bank, supra, 58 Conn. App. 430. "If the nonmovant does not recite specific facts . . . that contradict those stated in the movant's affidavits and documents and show there is a genuine issue for trial, summary judgment shall be rendered against him." (Internal quotation marks omitted.) Nieves v. Cirmo, 67 Conn. App. 576, 579, 787 A.2d 650, cert. denied, 259 Conn. 931, ___ A.2d ___ (2002). In opposition to the DePalmas' motion, Christensen has submitted a sworn affidavit in which he avers that he has "seen John and Claire DePalma raking leaves, trimming bushes, and performing maintenance duties on the premises." Christensen also avers that he "believes Claire DeRalma provided ice melt crystals, sand, or salt for people to use during the winter when snow and ice accumulated on the loading dock." Christensen avers that he "would often see Claire DePalma in the hallways of the building . . . and would often do favors for her by accepting deliveries for her and holding them for her until she could arrive and pick them up." Moreover, Christensen avers that he "spoke with Claire DePalma . . . about the conditions on the loading dock . . . specifically [on] how slippery the loading dock became when it was wet, or when mold accumulated." Finally, Christensen avers that each time he reported such conditions to Claire DePalma, "she would reply that she `would take care of it.'"
The DePalmas have moved for summary judgment on the ground that they "had no duty to maintain property, buildings, or other structures located at 33 Railroad Avenue in Milford, Connecticut . . . because they did not own, control, possess and/or maintain the . . . premises, [and] therefore, they owed no duty to the Plaintiff." The DePalmas have submitted several documents[3] in support of their contention that Rostand owns the subject property. Notwithstanding, even if Exhibits B through E establish that the DePalmas are not the "title owners" of the premises, the parties' affidavits remain in dispute on the material fact of whether the DePalmas possessed, maintained, and/or controlled the premises. "Affidavits which disclose genuine issues of material fact cannot resolve the factual dispute raised by them." (Internal quotation marks omitted.) Kingsley v. Sadi International Co., 5 Conn. App. 76, 78,496 A.2d 986 (1985). "Where the evidence is such that the minds of fair and reasonable persons could reach . . . different conclusions on the CT Page 5771 question [of control], then the issue should properly go to the jury for its determination." (Brackets in original; internal quotation marks omitted.) Doty v. Shawmut Bank, supra, 58 Conn. App. 433.
The DePalmas "[have] failed to meet [their] burden of bringing forward sufficient evidentiary facts or substantial evidence outside the pleadings to establish the absence of a material dispute as to [the DePalmas'] possession or control of the premises on the date of the plaintiff's fall." Doty v. Shawmut Bank, supra, 58 Conn. App. 433. Christensen has, however, "[recited] specific facts . . . [in his affidavit] which contradict those stated in the [DePalmas'] affidavits, [showing] that there is a genuine issue for trial." Doty v. ShawmutBank, supra, 58 Conn. App. 430; see also Forte v. Citicorp Mortgage,66 Conn. App. 475, 485, 784 A.2d 1024 (2001) (holding, "[t]o defeat a motion for summary judgment, a nonmovant must recite specific facts that contradict those stated in the movant's documents to show there exists a genuine issue of fact for trial" [internal quotation marks omitted]). "Once there [is] a finding . . . that a genuine issue of fact [exists] . . . the motion for summary judgement [has] no viability." Kroll v.Sebastian, 58 Conn. App. 262, 267, 753 A.2d 384 (2000)
 CONCLUSION
The issue of whether the DePalmas had a duty to maintain the premises, thereby resulting in a duty owed to Christensen, remains in dispute. For the foregoing reasons, the court denies the DePalmas' summary judgment motion.
The Court
By ______________________ Holden, J.