[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #118
On February 4, 1999. the plaintiff, Carmen Alicia, suffered injuries when she slipped and fell over a rug and/or carpet allegedly improperly placed at the University of Bridgeport. The plaintiff brought suit against the University of Bridgeport alleging that it was negligent and careless in, inter alia, allowing the rug and/or carpet to remain in a defective and dangerous condition. The Bridgeport Board of Education was cited in as a third party defendant on June 28, 2001.
The defendants, University of Bridgeport, move for summary judgment on the grounds that pursuant to a written lease with the third party defendant, the area where the injury occurred was part of the Board of Education's leased premises. The defendant claims that the Board, by its own admission, controlled, possessed and maintained pursuant to the lease agreement. Therefore, the defendant argues that summary judgment should enter in its favor as it did not control, possess or maintain the area where the plaintiff fell. The plaintiff did not file an objection.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205,209, 757 A.2d 1059 (2000). CT Page 8024
The defendants assert that although they owned the property where the injury occurred, the Board of Education exercised exclusive control and possession over the premises and the rug and/or carpet at issue pursuant to the lease with the defendant. The defendants claim that for the plaintiff to prevail on the issue of liability, the plaintiff must allege and prove that they have possession and control of the premises in question. Therefore, the defendant is entitled to summary judgment as the Board of Education has admitted that it was responsible for maintaining the premises in question pursuant to the lease with the defendant. The defendants submit a copy of the lease with the Board of Education, an affidavit of George H. Mialakos, counsel for the defendants, stating that the defendants did not control or possess the premises in question at the time of the injury, and the request for admission wherein the Board of Education admits that the rug and/or carpet at issue were within the exclusive possession of the Board of Education.
The court's examination of the defendants' evidence submitted in support of their claim that the Board of Education was in possession and control of the premises in question requires this court to grant the defendants' motion. "Liability for a claimed injury due to a defective premises depends on possession and control and not on title." Fernandezv. Estate of Fred Ayers, 56 Conn. App. 332, 335, 742 A.2d 836 (2000). Accordingly, the defendants' motion for summary judgment is granted.
 ___________________ DANIEL E. BRENNAN, JR. J.